# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

STEPHEN HUGHS,

    Plaintiff,

      v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

STEPHEN HUGHS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Colorado; as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Thorton, Colorado 80233.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 8035 ERL Thornton Freeway, Suite 320, Dallas, Texas 75228.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt.

11. The alleged debt at issue, a car loan, arose out of transactions that were primarily for personal, family, or household purposes.

12. By way of background only, on June 4, 2012, Plaintiff filed a previous suit in the United States District Court for the District of Colorado against Defendant alleging violations of the FDCPA. See Civil Action No. 1:12-cv-01455.

13. On October 22, 2012, the Clerk for the District of Colorado entered a default against Defendant, and the matter was ultimately resolved by settlement.

14. Further, in the previous case Defendant was notified that the undersigned represented Plaintiff, demanding all direct contact cease. See Exhibit A, Letter to Defendant.

15. Defendant received this letter on April 9, 2012. See Exhibit B, USPS Track & Confirm.

16. Despite having actual notice that Plaintiff was not to be contacted, and that was represented by counsel, Defendant resumed collection of the same account in June 2013.

17. Further, on at least one occasion, Plaintiff received a telephone call from Defendant's collector and made it clear that he previously sued and did not wish to be contacted.

18. In response, Defendant's collector falsely and deceptively claimed that he was not prohibited from calling Plaintiff on behalf of Defendant because

Plaintiff had not sued him personally in the prior lawsuit. The collector then proceeded to make demands for payment of the underlying debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

19.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692c(a)(2) and 1692c(c).

    a. A debt collector violates §1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

    b. A debt collector violates §1692c(c) of the FDCPA by communicating with the consumer after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

    c. Here, Defendant violated §§1692c(a)(2), and 1692c(c) of the FDCPA by communication with Plaintiff after it knew that Plaintiff was represented by counsel, and after it received written notification demanding that it cease communication with Plaintiff.

4

WHEREFORE, Plaintiff, STEPHEN HUGHS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEPHEN HUGHS, demands a jury trial in this case.

                                                RESPECTFULLY SUBMITTED,

Date: <u>September 6, 2013</u>        By: <u>/s/ Craig Thor Kimmel</u>
                                                  CRAIG THOR KIMMEL
                                                  PA Attorney ID No. 57100
                                                  Kimmel & Silverman, P.C.
                                                  30 E. Butler Pike
                                                  Ambler, PA 19002
                                                  Phone: (215) 540-8888
                                                  Fax: (877) 788-2864
                                                  Email: kimmel@creditlaw.com